UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Richard Coleman

    v.                                                    Civil No. 09-cv-280-PB

Bonville & Howard,
Edwin Howard, and
James Galliher

**REPORT AND RECOMMENDATION**

    Defendants move to dismiss the complaint based upon a lack of personal jurisdiction and, as set forth in their motion and memorandum, also on the basis of collateral estoppel.  Document no. 6.  In response, plaintiff moves to strike defendants' motion and memorandum.  Document no. 8.  Plaintiff's motion to strike is, in effect, an objection to the motion to dismiss and has been so treated.

**Background**

    Plaintiff is a New Hampshire resident.  Defendants are all Massachusetts residents.  Plaintiff alleges that defendants engaged in acts of fraud and conspiracy against him, all of which took place in Massachusetts.  He further alleges that two Massachusetts District Court judges colluded with defendants and

that he cannot get a fair trial on these issues in Massachusetts. His specific allegations track a writ he previously filed in New Hampshire Superior Court.  That claim was dismissed for lack of personal jurisdiction.  <u>See</u> Def.'s Mot. to Dismiss, Ex. B (2/17/09 Strafford County Superior Court Order).  The Superior Court ruling was affirmed by the New Hampshire Supreme Court. <u>See</u> <u>id.</u>, Ex. D (7/31/09 N.H. Supreme Court Order).

Plaintiff has not alleged a single fact to support personal jurisdiction over any of the defendants.  Instead, he believes that because his claims involve alleged federal constitutional issues, as well as citizens of different states and the amount in controversy exceeds $75,000.00, he may maintain his suit here. He claims that personal jurisdiction over defendants is not necessary.

## Discussion

Plaintiff has confused subject matter jurisdiction with personal jurisdiction.  To hear a case, a federal court must have both.  Federal courts, unlike state courts, are not courts of general jurisdiction.  They are limited to the subject matters delineated by Article III of the Constitution, generally federal questions and disputes between citizens of different states.

Plaintiff has, in fact, properly invoked this court's subject matter jurisdiction.  See 28 U.S.C. § 1332.

A federal court must also have personal jurisdiction over the defendants, however, "that is, the power to require the parties to obey its decrees." United States v. Swiss Am. Bank, Ltd., 191 F. 3d 30, 35 (1st Cir. 1999).  When defendants move to dismiss based upon a lack of personal jurisdiction, the plaintiff has the burden of persuasion on the issue of jurisdiction.  See Mass. Sch. of Law v Am. Bar Ass'n, 142 F. 3d 26, 34 (1st Cir. 1998).

A district court may determine the issue of personal jurisdiction using various methods.  Adelson v. Hananel, 510 F. 3d 43, 48 (1st Cir. 2007).  I will utilize the "prima facie evidentiary standard."  See Foster-Miller, Inc. v. Babcock & Wilcox Canada, 46 F. 3d 138, 145 (1st Cir. 1995).

> Applying the prima facie standard, "'we must accept the plaintiff's (properly documented) evidentiary proffers as true for the purpose of determining the adequacy of the prima facie jurisdictional showing.'" *Id.* (quoting *Foster-Miller,* 46 F. 3d at 145).  We "accept those facts as true, irrespective of whether the defendant disputes them, and in so doing, construe them in the light most congenial to the plaintiff's jurisdictional claim." *Id.* (internal quotation omitted). The facts put forward by the defendant "become part of the mix only to the extent that they are uncontradicted." *Id.*

> In assessing personal jurisdiction over a non-resident defendant, a federal court exercising diversity jurisdiction is "the functional equivalent of a state court sitting in the forum state." *N. Laminate Sales, Inc. v. Davis,* 403 F. 3d 14, 24 (1st Cir. 2005) (internal quotation omitted). To establish personal jurisdiction over [defendant], [plaintiff] must demonstrate that [the state's] long-arm statute grants jurisdiction and that the exercise of jurisdiction under the statute is consistent with the Due Process Clause of the United States Constitution. *Daynard,* 290 F. 3d at 52.

Astro-Med, Inc. v. Nihon Kohden American, Inc., __ F.3d __, Nos. 08-2334, 08-2335, 2009 WL 3384786, *4 (1st Cir. Oct. 22, 2009); see also Mass. Sch. of Law, 142 F.3d at 34. In other words, this court applies New Hampshire law to determine whether personal jurisdiction over defendants exists.

This is the precise analysis that was already done by the Strafford County Superior Court and the New Hampshire Supreme Court in dismissing the state action for lack of personal jurisdiction over defendants. See Def.'s Mot. to Dismiss, Exs. B & D. "A federal court must give a state court judgment the same preclusive effect as would be given that judgment under the law of the state in which the judgment was entered." Geiger v. Foley Hoag LLP Retirement Plan, 521 F.3d 60, 66 (1st Cir. 2008); see also 28 U.S.C. § 1738 (requiring federal courts to give preclusive effect to state court judgments). Under New Hampshire

law, the Supreme Court's decision that the New Hampshire long-arm statute does not reach defendants for purposes of exercising personal jurisdiction over them is final. See Ruhrgas AG v. Marthon Oil Co., 526 U.S. 574, 585 (1999) (precluding relitigation of personal jurisdiction issue).  No further analysis here is warranted or appropriate.  See 28 U.S.C. § 1738; see also Galibois v. Fisher, 174 Fed.Appx. 579, 580-81 (1st Cir. 2006) (discussing Exxon Mobil Corp. v. Saudi Basic Indus., 544 U.S. 280, 293 (2005) and Lance v. Dennis, 546 U.S. 459, 465-66 (2006) to explain preclusion).

For clarity's sake, because plaintiff is pro se and seems to have confused subject matter jurisdiction with personal jurisdiction, I add the following brief explanation.  The New Hampshire long-arm statute is co-extensive with the outer limits of the due process clause.  See Sawtell v. Farrell, 70 F. 3d 1381, 1388 (1st Cir. 1995); see also Phelps v. Kingston, 130 N.H. 166, 171 (1987).  Under those circumstances:

> the due process inquiry controls.  Due process "requires only that in order to subject a defendant to a judgment *in personam,* if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"  *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 219, 66 S.Ct. 154, 90 L.Ed. 95 (1945)

>   (quoting *Milliken v. Meyer,* 311 U.S. 457, 463, 61
>   S.Ct. 339, 85 L.Ed. 278 (1940)); *N. Laminate Sales,*
>   403 F. 3d at 25.
>
>   There are two means of establishing jurisdiction over
>   a defendant's person available under the Fourteenth
>   Amendment: specific and general jurisdiction.  For
>   specific jurisdiction, the plaintiff's claim "must be
>   related to the defendant's contacts."  *Harlow v.
>   Children's Hosp.,* 432 F. 3d 50, 57 (1st Cir. 2005).
>   For general jurisdiction, "in which the cause of
>   action may be unrelated to the defendant's contacts,
>   the defendant must have continuous and systematic
>   contacts with the state."  *Id.*

<u>Astro-Med, Inc.</u>, <u>supra</u> at *4.

Accepting every fact advanced by plaintiff as true, this court has neither specific nor general jurisdiction over defendants.  There are no claims that relate to any contact by any defendant with New Hampshire nor any facts to establish a continuous and systematic contact by any of them.  Whatever effects plaintiff may have felt in New Hampshire from defendants' conduct in Massachusetts is too attenuated to show contact with New Hampshire sufficient to establish personal jurisdiction over them.  <u>See</u> <u>Mass. Sch. of Law</u>, 142 F.3d at 35 (citing authority).

As the New Hampshire Supreme Court found, the court does not have personal jurisdiction over these defendants who do not reside here and have not had any contact with this state.  That issue has been decided and plaintiff is collaterally estopped

from relitigating it here. I recommend that the complaint be dismissed.

Any objections to this report and recommendation must be filed within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the district court's order. <u>See</u> <u>Unauth. Practice of Law Comm. v. Gordon</u>, 979 F.2d 11, 13-14 (1st Cir. 1992); <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986).

_____
James R. Muirhead
United States Magistrate Judge

Date: January 19, 2010

cc: Richard Coleman, *pro se*
Jeffrey H. Karlin, Esq.

7